UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| James Bigham, John Quarnstrom, Robert Vranicar, Jim Bowman, Mike McCauley, and Matt Fairbanks as Trustees of the Sheet Metal Local #10 Control Board Trust Fund, and the Sheet Metal Local #10 Control Board Trust Fund,<br><br>Plaintiffs,<br><br>vs.<br><br>Foremost Mechanical Corporation,<br><br>Defendant. | Case No: 13-CV-742(MJD/SER)<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT** |

This matter was heard before the undersigned on October 22, 2013. Christy E. Lawrie of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

## **FINDINGS OF FACT**

1. The Plaintiffs filed a Summons and Complaint with the Court on April 1, 2013. The Summons and Complaint were personally served upon John McQuillan, Foremost Mechanical Corporation's ("Foremost Mechanical") CEO and authorized agent on April 2, 2013.

2. Foremost Mechanical failed to file and serve a response or Answer to the Summons and Complaint.

3. The Clerk entered default on April 24, 2013.

1

4. The Plaintiffs are Trustees of the Sheet Metal Local #10 Control Board Trust Fund ("Control Board").

5. The Control Board is a clearinghouse which provides various services to employee benefit plans and is designated by various labor agreements as the entity to, among other things, accept and distribute contributions to the employee benefit plans specified in the labor agreements.

6. The Control Board Trustees are fiduciaries of the employee benefit plans specified in the labor agreements.

7. The employee benefit plans on whose behalf the Control Board seeks contributions, and which the Control Board forms a part, are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to Section 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5).

8. The employee benefit plans are administered in accordance with the provisions of the ERISA, as amended 29 U.S.C. § 1001, *et. seq.* and are exempt from federal income taxation pursuant to the Internal Revenue Code.

9. Foremost Mechanical accepted and agreed to be bound to the terms of a Collective Bargaining Agreement between SMARCA, Inc. and the Sheet Metal Workers Local No. 10 covering the period of May 1, 2002 through April 30, 2005 ("Collective Bargaining Agreement").

10. The Collective Bargaining Agreement contains an evergreen clause that states that the Agreement:

> shall continue in force from year to year thereafter unless written notice of reopening is given not less than ninety (90) days prior to the expiration

2

date. In the event such notice of reopening is served, this Agreement shall continue in force and effect until conferences relating thereto have been terminated by either party.

11. Notice of reopening was given, but conferences relating to a new agreement have not been yet terminated by either party. Accordingly, Foremost Mechanical remains bound to the terms of the Collective Bargaining Agreement.

12. The Collective Bargaining Agreement requires that Foremost Mechanical submit contributions to pension, health and welfare, vacation, and industry and training funds in the amount per hour specified in the Collective Bargaining Agreement for each hour worked by its employees covered by the Collective Bargaining Agreement.

13. The Collective Bargaining Agreement also requires that Foremost Mechanical set forth the amount due and owing for contributions on a report form to be submitted to the Control Board with Foremost Mechanical's monthly payment.

14. The Collective Bargaining Agreement incorporates by reference the Restated Declaration of Trust for the Sheet Metal Local No. 10 Control Board Trust Fund ("Trust Agreement") and states that all contributions shall be paid in accordance with the Trust Agreement.

15. The Collective Bargaining Agreement and the Trust Agreement require that employers submit their remittance report and payment to the Control Board by the tenth day of the following month for which the contributions are due. And any employer whose report and contributions are not received by the Control Board within five days after the tenth, or the first working day thereafter is delinquent.

16. Foremost Mechanical breached the terms of the Collective Bargaining Agreement and Trust Agreement by failing to timely submit the remittance reports and contributions for the month of February 2013.

17. Pursuant to the remittance report untimely submitted by Foremost Mechanical for the month of February 2013, and by its own admission, $484.50 is due and owing to the Control Board for delinquent contributions.

18. The Collective Bargaining Agreement and the Trust Agreement state that delinquent employers are subject to a liquidated damages assessment equal to ten percent of the contributions due and owing for the month. However, if the delinquent contributions, together with the liquidated damages assessment, are not received by the Control Board on or before the tenth day of the next month, the liquidated damages assessment increases to twenty percent.

19. Liquidated damages of $96.90 are due and owing to the Control Board for the month of February 2013.

20. Following the filing of this lawsuit, Foremost Mechanical submitted partial payments in the total amount of $484.50. After application of those payments, $96.90 remains due and owing to the Control Board for the month of February 2013.

21. The Collective Bargaining Agreement states that any attorneys' fees incurred in the collection of contributions shall be payable by the delinquent employer. Likewise, the Trust Agreement states that the reasonable costs and attorneys' fees incurred by the Control Board in collecting or attempting to collect delinquent contributions shall be paid by the delinquent employer.

22. The Control Board incurred attorneys' fees and costs in pursuing this delinquency in the amount of $1,740.51. These attorneys' fees and costs are reasonable under the circumstances and limited to performing those services necessary for the prosecution of the Control Board's claims.

23. The total amount due and owing to the Control Board for unpaid contributions, liquidated damages, and attorneys' fees and costs is $1,837.41.

## **CONCLUSIONS OF LAW**

1. Foremost Mechanical is in default and the Control Board is entitled entry of judgment.

2. Foremost Mechanical is liable to the Control Board in the amount of $96.90 for delinquent contributions and liquidated damages for the month of February 2013.

3. Foremost Mechanical is liable to the Control Board in the amount of $1,740.51 for attorneys' fees and costs incurred in the collection of delinquent contributions for the month of February 2013.

## **ORDER**

Based on the foregoing, and on all the files, records, and proceedings, herein, IT IS ORDERED THAT:

1. Plaintiffs' Motion for Entry of Judgment is GRANTED.

2. That judgment in the amount of $1,837.41 is entered against the Defendant Foremost Mechanical Corporation and in favor of the Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

BY THE COURT:

Dated: October 22, 2013           s/ Michael J. Davis
                                  The Honorable Michael J. Davis
                                  United States District Court Judge